UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES H. BRYAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC., a Delaware Corporation;<br><br>Defendant. | NO.<br><br>**CLASS ACTION COMPLAINT** |

## I.   INTRODUCTION

Plaintiff brings this action on behalf of himself and all similarly situated employees of defendant Wal-Mart for implementing a policy and practice that discriminates against disabled employees in violation of the Americans with Disabilities Act (ADA).

Wal-Mart terminated and refuses to hire pharmacy employees who have had any history of adverse action against their licenses by a state pharmacy board.

This policy discriminates against disabled employees because it screens out or tends to screen out qualified individuals with disabilities, i.e., who have been addicted to alcohol or drugs, and/or have a record of chemical or alcohol dependency, and who have successfully participated in a supervised rehabilitation program.

CLASS ACTION COMPLAINT- 1
(NO. _____)

BRESKIN | JOHNSON | TOWNSEND PLLC
1111 Third Avenue, Suite 2230
Seattle, Washington 98101 Tel: 206-652-8660

## II. JURISDICTION AND VENUE

Defendants are within the jurisdiction of this Court. This Court has jurisdiction under 28 U.S.C. §1331 because Plaintiffs' claims arise under federal law in Americans with Disabilities Act ("ADA"), 42 U.S.C. §§201-219.

Venue is proper in this Court pursuant to 28 U.S.C. §1391(a)(1) because Defendants do sufficient business in this District to subject them to personal jurisdiction herein.

## III. PARTIES

Plaintiff James Bryan is a citizen of Washington state and resides in Thurston County. He was employed by Wal-Mart as a pharmacy intern and then staff pharmacist from about September 10, 2007, to about October 13, 2011, in Grant, Pierce, and Thurston Counties. Wal-Mart terminated Mr. Bryan's employment based on its policy not to employ pharmacy employees who have any history of adverse action against their licenses by state pharmacy boards.

Defendant Wal-Mart Stores, Inc., is a Delaware corporation with its principle place of business in Bentonville, Arkansas. It operates thousands of stores in the United States selling pharmaceuticals to the public, including Supercenter Wal-Marts, Wal-Mart Discount stores, and Sam's Clubs, and has employed tens of thousands of people in its pharmacies within the United States.

## IV. SUMMARY OF FACTUAL ALLEGATIONS

James Bryan was licensed by the state of Washington in 1996 to practice as a pharmacist.

In 2002 Mr. Bryan had become addicted to prescription drugs.

In April 2002, the Washington Board of Pharmacy suspended Mr. Bryan's pharmacy license for a minimum of five years due to his addiction to and abuse of prescription drugs.

1  Under the terms of suspension, Mr. Bryan was required to complete a supervised rehabilitation program through the Washington Recovery Assistance Program for Pharmacists (WRAPP).

2  Mr. Bryan successfully completed a supervised rehabilitation program.

3  In July 2007, the state of Washington conditionally reinstated Mr. Bryan's pharmacist license.

4  One of the conditions of reinstatement was that Mr. Bryan notify all employers and each pharmacy manager at every location he worked about his prior license suspension for prescription drug abuse.

5  In September 2007, Mr. Bryan was employed by Wal-Mart as a pharmacy intern.

6  Mr. Bryan complied with the terms of his license reinstatement and informed Wal-Mart and every pharmacy manager for whom he worked of his prior license suspension for prescription drug abuse.

7  Wal-Mart had actual knowledge of Mr. Bryan's license suspension and reinstatement and his history of addiction and drug abuse throughout his employment.

8  In January 2008 Wal-Mart promoted Mr. Bryan to staff pharmacist.

9  Wal-Mart consistently rated Mr. Bryan's performance as satisfactory or better.

10  In October 2011 Wal-Mart terminated Mr. Bryan's employment.

11  Wal-Mart told Mr. Bryan that the reason for his termination was a new policy that anyone with a history of adverse action by a board of pharmacy would no longer be eligible for employment.

12  Wal-Mart told Mr. Bryan that this was a nationwide policy.

13  Wal-Mart terminated many pharmacy employees based on this policy.

14  Wal-Mart operates over 4,500 retail stores in the United States.

15  Most or all of its stores contain a pharmacy.

16  Most or all of these pharmacies are owned and operated by Wal-Mart.

In its pharmacies, Wal-Mart employs pharmacy managers, staff pharmacists, pharmacist assistants, pharmacy interns, and pharmacist technicians.

In December 2011, Mr. Bryan filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC).

Mr. Bryan charged Wal-Mart with a pattern and practice of disability discrimination and gave notice that the practice affected a class of similarly situated people nationwide.

On July 29, 2013, the EEOC issued a right-to-sue letter to Mr. Bryan.

This action is timely filed within 90 days of Mr. Bryan's receipt of the right to sue from the EEOC.

## V. CLASS ACTION ALLEGATIONS

Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following class:

> All persons whose employment as a pharmacy manager, staff pharmacist, pharmacist assistant, pharmacy intern, or pharmacist technician was terminated by Wal-Mart, or who were denied such employment by Wal-Mart, because they had a history of adverse action by a board of pharmacy based on drug or alcohol addiction.

The proposed class consists of hundreds or thousands of people, and individual joinder would be impractical.

Plaintiff is a member of the proposed class.  His claims are typical of the claims of the proposed class because his claims arise from the same policy and practice by Wal-Mart and are based on the same legal and remedial theories.

Plaintiff would adequately represent the interests of the class because he does not have interests which are adverse to the members of the class and has retained competent and experienced counsel to prosecute his claims and those of the class. Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the class and have the financial resources to do so.

Plaintiff's claims and those of the class raise common legal and factual issues because the Wal-Mart policy and practice that Plaintiff challenges applied to all of members of the class.

Common issues of law and fact predominate over any individual issues, including but not limited to:

    (a) Whether Wal-Mart implemented a national policy to terminate and refuse to hire pharmacy employees who have any history of adverse action on their licenses by a board of pharmacy;

    (b) Whether Wal-Mart's policy has a disparate impact on qualified individuals with disabilities by screening or tending to screen out a class of individuals with disabilities;

    (c) Whether Wal-Mart's policy can be shown to be job-related and consistent with business necessity;

    (d) Whether declaratory and/or injunctive relief are appropriate remedies for Wal-Mart's policy and practice discriminating against people with disabilities;

    (e) Whether exemplary and/or punitive damages are appropriate remedies for Wal-Mart's policy and practice discriminating against people with disabilities.

A class action is superior to other available methods for fairly and efficiently adjudicating the claims of the class.

## VI. CLAIMS

Wal-Mart's policy and practice of firing and refusing to hire any pharmacy employees with a history of adverse action by a board of pharmacy discriminates against people with disabilities in violation of the ADA, 42 U.S.C. §§ 12112 and 12114.

Wal-Mart's policy and practice has a disparate impact on qualified individuals with disabilities, i.e., people who are recovered or recovering drug addicts or alcoholics who have successfully completed a supervised rehabilitation program.

Wal-Mart's policy and practice screens out or tends to screen out a class of individuals with disabilities, i.e., people who are recovered or recovering drug addicts or alcoholics who have successfully completed a supervised rehabilitation program.

Wal-Mart's policy and practice has deprived qualified individuals with disabilities of employment and employment opportunities, which has resulted in the loss of past and future wages and other job benefits.

Wal-Mart has displayed a reckless disregard and/or callous disregard for the federally protected rights of the class described herein.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on his own behalf and on behalf of the proposed Class, seeks judgment against Defendant as follows:

    a. Certification of the proposed class under Federal Rule of Civil Procedure 23 and designation of Plaintiff as representative of the class and his counsel as Class Counsel;

    b. All damages that the Plaintiff and the class have sustained as a result of Defendant's discriminatory policy and practices, including back pay, front pay, general and special damages;

    c. Punitive damages commensurate with Defendant's ability to pay and to deter future acts of discrimination against the disabled;

    d. A declaratory judgment that Defendant's practices complained of in this Complaint are unlawful and violate the ADA;

    e. An injunction against Defendant and its related entities and all persons acting in concert with them from engaging in each of the unlawful practices set forth in this Complaint.

CLASS ACTION COMPLAINT- 6
(NO. _____)

BRESKIN | JOHNSON | TOWNSEND PLLC
1111 Third Avenue, Suite 2230
Seattle, Washington 98101 Tel: 206-652-8660

1      f. Costs incurred, including reasonable attorney's fees;

2      g. Pre-judgment and post-judgment interest as provided by law;

3      h. Such other and further legal and equitable relief as the Court deems just.

DATED this 18th day of October, 2013.

BRESKIN JOHNSON & TOWNSEND, PLLC

By: */s/ Daniel F. Johnson*
Daniel F. Johnson, WSBA # 27848
1111 Third Avenue, Suite 2230
Seattle, Washington 98101
206-652-8660 Phone
206-652-8290 Fax
djohnson@bjtlegal.com

LAW OFFICE OF JEFFREY L. NEEDLE
Jeffrey Needle, WSBA # 6346
119 1st Ave. South, Suite 200
Seattle, Washington 98104
206-447-1560 Phone
jneedlel@wolfenet.com